## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DEVON TERRELL ABNEY,

     Plaintiff,

                         Case No. 23-CV-10082-DT

v.

                         HON. DENISE PAGE HOOD

CITY OF DETROIT, DONALD R.
PARKER, NICOLE J. SUMPTER, and
JOHN DOE,

     Defendants.

_____/

## ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (#8)

On March 16, 2023, the Court entered an Order Granting Application to Proceed Without Prepaying Fees or Costs and Summarily Dismissing and Closing Action. (ECF No. 6)  The Court found that Plaintiff Devon Terrell Abney's claims were time-barred. *Id.* at PageID.69.  This matter is before the Court on Abney's Motion for Relief from Judgment. (ECF No. 8) Abney cites Rule 60(b)(1)(6) as a basis for his motion.

     Rule 60(b) of the Federal Rules of Civil Procedures provides that,

[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   The standard under Rule 60(b) is significantly higher than the Rule 59(e) standard.   *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998).   Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order.   Fed. R. Civ. P. 60(c)(1).   Motions under Rule 60(b)(4) and (6) must be filed "within a reasonable time."   Fed. R. Civ. P. 60(c)(1).   The catch-all provision in subsection (6) is only available on when Rules 60(b)(1) through (b)(5) are inapplicable.   *Kemp v. United States,* 142 S.Ct. 1856, 1861 (2022).   Exceptional and extraordinary circumstances are needed to grant relief under Rule 60(b)(6) and limited to "unusual and extreme situations where principles of equity mandate relief."   *Jones v. Bradshaw,* 46 F.4th 459, 482 (6th Cir. 2022).

Liberally construing Abney's motion and the Complaint, the Court finds that Abney failed to meet the "unusual and extreme situations where principles of equity mandate relief" standard for relief under Rule 60(b)(6).   As noted above,

Abney's claims were dismissed based on the applicable three-year statute of limitations under Michigan law.   Abney's arguments in his motion do not overcome the dismissal based on the statute of limitations.

The Court is aware that Abney is proceeding *pro se* and that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States,* 508 U.S. 106, 113 (1993). Indeed, a *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).   The Court stands by its previous order dismissing Abney's claims as time-barred.

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Motion for Relief from Judgment **(ECF No. 8)** is DENIED.

S/DENISE PAGE HOOD
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2024

3