UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

    Plaintiff,

v.

    Case No. 23-10082-DT

    HON. DENISE PAGE HOOD

CITY OF DETROIT, DONALD R.
PARKER, NICOLE J. SUMPTER,
and JOHN DOE,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR VINDICATION OF PLAINTIFF ABNEY'S CIVIL RIGHTS (ECF No. 12)

This matter is before the Court on Plaintiff Devon Terrell Abney's document entitled, "Motion for Vindication of Plaintiff Abney's Civil Rights Pursuant to 42 U.S. Code 1988; 42 U.S. Code 1986; Fed. R. Civ. P. 42(9) and Subrule as Follows (1), (2), (3); Rule 42(b) For These Purpose The Court Shall Find in the Plaintiffs Favor and Not the Defendants And Any Other Reason that Justifies Relief Pursuant to FRCP 24(2)(B). (ECF No. 12) The case was dismissed on March 16, 2023. (ECF Nos. 6, 7) Orders denying motions for relief from judgment and for reconsideration were previously entered. (ECF Nos. 9, 11) The Court considers the present motion as a Motion for Reconsideration.

The Local Rules of the Eastern District of Michigan provide that any

motions for reconsideration may be brought if the movant can show that "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision."  E.D. Mich. LR 7.1(h)(2).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

Reviewing the current motion, the Court finds that Abney's bifurcation of trial is without merit since the Court has dismissed his case and there will be no trial.  The Court found in its March 28, 2024 Order that Abney failed to meet the "unusual and extreme situations where principles of equity mandate relief" standard for relief under Rule 60(b)(6).  (ECF No. 9, PageID.89)  The Court continues to so find.

Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Vindication of Plaintiff Abney's Civil Rights Pursuant to 42 U.S. Code 1988; 42 U.S. Code 1986; Fed. R. Civ. P. 42(9) and Subrule as Follows (1), (2), (3); Rule 42(b) For These Purpose

The Court Shall Find in the Plaintiffs Favor and Not the Defendants And Any Other Reason that Justifies Relief Pursuant to FRCP 24(2)(B)" **(ECF No. 12)** is **DENIED**.

IT IS FURTHER ORDERED that any Appeal of this Order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:   July 9, 2024